J-S71040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT E. ROBINSON | |
| Appellant | No. 3515 EDA 2015 |

Appeal from the PCRA Order October 27, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0718101-1982

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 30, 2017**

Appellant, Robert E. Robinson, appeals *pro se* from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant claims he is entitled to relief based on his recent discovery of his trial counsel's substance abuse issues and ineffective assistance, as well as sentencing relief based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). We affirm in part, vacate in part, and remand for further proceedings.

A summary of the pertinent facts and procedural history follows. Appellant was eighteen-years-old when he committed the offenses giving rise to the underlying conviction. On July 1, 1983, Appellant pleaded guilty

---

[*] Former Justice specially assigned to the Superior Court.

to second-degree murder and criminal conspiracy. On August 22, 1983, the trial court sentenced him to life imprisonment for murder and a concurrent period of ten to twenty years of imprisonment for conspiracy. Appellant did not file a post-sentence motion seeking to withdraw his guilty plea.

Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on March 1, 1985, we concluded that Appellant's failure to file a motion to withdraw his plea before the trial court waived his right to challenge the plea on direct appeal. *See Commonwealth v. Robinson*, 2384 PHL 1983 (Pa. Super. filed Mar. 1 1985) (unpublished memorandum).

Between 1986 and 2007, Appellant filed numerous petitions for post-conviction relief, which were dismissed as either lacking in merit or being untimely. In 2010, Appellant filed his seventh PCRA petition, in which he claimed that he discovered new evidence in his school records of his borderline intelligence. He asserted that this mental deficiency, along with bad advice from the trial court and/or trial counsel regarding his eligibility for parole from a life sentence, caused him to enter an invalid plea. In an unpublished memorandum filed on June 4, 2013, this Court concluded that Appellant's seventh petition was untimely and that he failed to establish any exception to the PCRA's time bar. *Commonwealth v. Robinson*, 1485 EDA 2012 (Pa. Super. filed June 4, 2013) (unpublished memorandum). On December 4, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Robinson*, 81 A.3d 77 (Pa. 2013).

Meanwhile, on August 21, 2012, Appellant filed his eighth PCRA petition in which he claim he was entitled to relief pursuant to the United States Supreme Court's decision in ***Miller***.

While Appellant's eighth petition was pending in the PCRA court, Appellant filed another PCRA petition on June 19, 2015. Appellant asserted that he possessed newly-discovered evidence that his trial counsel had a substance abuse issue in the early 1980s, and that counsel's addiction caused Appellant to enter an invalid plea. Appellant further raised a claim of governmental interference with the presentation of his assertion regarding counsel's drug abuse, suggesting that the Commonwealth was aware of counsel's drug issues and withheld the information from him.

On September 22, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's eighth and ninth petitions without a hearing. Appellant filed a response on September 30, 2015. After reviewing the response, the court denied the petitions on October 27, 2015. This timely appeal follows.[1]

Appellant raises the following issues:

> Whether the PCRA court erred in denying [Appellant's PCRA] petition as untimely filed when [Appellant] established that his newly-discovered evidence claims were within the exception of the plain language under 42 Pa.C.S.A. § 9545(b)(1)(ii) and [§] 9545(b)(2)?

---

[1] Appellant complied with the PCRA court's order to submit a Pa.R.A.P. 1925(b) statement, and the court filed a responsive opinion.

Whether [Appellant] is entitled to a new trial, or remand for an evidentiary hearing based upon the personal "Presentence Hearing and Sentencing Transcripts of [trial counsel], the attorney admitted he [] had a drug problem [with] cocaine and he [] has been ingesting cocaine for fourteen (14) years from 1979 to 1990?

Whether the District Attorney's Office failure to disclose exculpatory evidence that their former [colleague, trial counsel,] has a drug problem [with] cocaine and has been ingesting cocaine from 1970 [sic] to 1990, until [trial counsel] was suspended and had to [resign] from the District Attorney's Office in 1982, to [Appellant], violates the prosecutor's obligation under the Fourteenth Amendment's Due Process Clause?

Whether it is cruel and unusual punishment to impose a mandatory sentence of life without parole, on [Appellant] who was a "minor" of 18 years of age, and who is classified of those "adolescents" as defined the class of developing adolescents under Pennsylvania law, violates the equal protection of the laws. In [**Miller**], the U.S. Supreme Court held [] that the mandatory imposition of life without parole sentences violates the Eighth Amendment's prohibition on cruel and unusual punishment[, a] claim now held to be retroactive by the U.S. Supreme Court in [**Montgomery**] . . . requiring a hearing for resentencing under [the PCRA].

Appellant's Brief at vi (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a

- 4 -

hearing on the petition if the "petitioner's claim is patently frivolous and lacks a trace of support in either the record or from other evidence." ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Because this is an appeal from Appellant's eighth and ninth petitions for post-conviction relief, we note that his petitions must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations and quotation marks omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Id.*** (citations and quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] ***See***

---

[2] The exceptions to the timeliness requirement are:

42 Pa.C.S § 9545(a), (b). A petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d at 651-52 (citation omitted); *see also* 42 Pa.C.S. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pleaded in the petition, "and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted).

Appellant filed his ninth petition in June 2015 seeking relief from a judgment of sentence that became final over thirty years ago. Therefore, that petition was facially untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 651-52.

---

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 6 -

As to his June 2015 petition, Appellant claims that he timely filed it within sixty days of receiving information from a fellow prisoner about trial counsel's drug problem. Appellant attached as exhibits several supporting documents, including his affidavit in which he explains how and when the fellow prisoner gave him the information, copies of newspaper articles regarding trial counsel's criminal conduct, and a 2011 letter from trial counsel—in which counsel continued to opine that Appellant was eligible for parole. Additionally, Appellant attached a copy of trial counsel's 1994 arraignment and a transcript of the April 29, 1994 plea hearing at which counsel pleaded guilty to unlawful possession of cocaine in the United States District Court for the Eastern District of Pennsylvania.

When considering a PCRA's petitioner's claim that he has established an exception to the PCRA's time bar under Section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claims are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis.[3] ***See id.***; ***see also***

---

[3] To obtain relief based upon an "after-discovered" evidence claim, a PCRA petitioner "must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by exercise of due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008);

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016).

***Compare*** 42 Pa.C.S. § 9545(b)(1)(ii) ***with*** 42 Pa.C.S. § 9543(a)(2)(vi).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court concluded that Appellant's claim did not constitute newly-discovered evidence:

> [Appellant] also claims that he is entitled to a new trial due to "after-discovered" evidence. Specifically, [Appellant] argues that his trial attorney had a substance abuse issue in the early 1980's [sic] that prevented counsel from effectively representing him. In support of this claim, [Appellant] cited a portion of [a] 1982 newspaper article, and a portion of a 1994 U.S. District Court guilty plea transcript, wherein trial counsel pled guilty to drug trafficking.
>
> [Appellant's] claim does not constitute after-discovered evidence, and his argument is not convincing. Trial counsel represented [Appellant] in 1983. Counsel pled guilty to drug trafficking offense that occurred between 1991 and 1992. [Appellant] cannot reasonably claim that the trial counsel's subsequent legal problems impacted his decision to plead guilty a decade earlier. Aside from allegations contained in an article, [Appellant] has not provided any evidence to suggest that counsel's representation as it related to [Appellant's] case was improper. [Appellant] has failed to demonstrate that any of the exceptions to the time limitations of the PCRA apply to his case.

PCRA Ct. Op., 11/16/15, at 4.

In reaching this conclusion, the PCRA court "appear[s] to conflate the newly-discovered fact exception with an after-discovered evidence claim."

---

verdict if a new trial were granted." ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008) (citations omitted).

*See Brown*, 141 A.3d at 500. The PCRA court, without first determining whether Appellant exercised due diligence in discovering the new evidence, found the claim unconvincing as a basis for withdrawing his plea. Thus, we vacate the PCRA court's order insofar as it relates to Appellant's newly-discovered evidence claim, and remand for an evidentiary hearing to determine whether Appellant has pled and proved the applicability of the newly-discovered fact exception. *See Brown*, 141 A.3d at 500. To the extent Appellant's third issue impacts the decision on Appellant's first two issues, Appellant may proffer any additional evidence to support his claim upon remand.

In his final issue, Appellant asserts that the PCRA court erred in denying him post-conviction relief based upon the United States Supreme Court's recent opinions in *Miller*, and *Montgomery*.[4] As acknowledged by Appellant, the high court in *Miller* held that a statute requiring a mandatory life sentence without possibility of parole for a juvenile convicted of first or second-degree murder violates the Eighth Amendment's prohibition against cruel and unusual punishment. Furthermore, in *Montgomery*, the high court concluded that *Miller* applied retroactively. Our review of the record in this case, however, supports the PCRA court's conclusion that this federal

---

[4] Appellant filed his 2012 PCRA petition while his appeal of the dismissal of his 2010 petition was still pending. *See Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000). However, because the PCRA court did not dismiss the 2012 petition and subsequently denied relief, we will consider Appellant's reliance on *Miller* and *Montgomery* as exceptions to the PCRA time bar.

precedent is inapplicable to Appellant because he was not a juvenile at the time he committed the murder. *See* PCRA Ct. Op. at 4. Moreover, Pennsylvania precedent has rejected Appellant's equal protection arguments regarding *Miller*'s application. *See, e.g.*, *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). Thus we affirm that portion of the order denying Appellant post-conviction relief on this claim.

Order affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Panella joins the memorandum.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/30/2017</u>